

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR 1 3 2005

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| United States of America | | § |
| | | § |
| v. | | § |
| | | § |
| Bayan Elashi | (1) | § |
| Ghassan Elashi | (2) | § |
| Basman Elashi | (3) | § |
| Infocom Corporation | | § |

Criminal Action No. 3:02-CR-052-L

## Court's Instructions to the Jury

Members of the Jury:

### Introduction

These instructions contain the law that applies in this case. You must follow them in reaching your verdict. Consider these instructions as a whole. Do not single out any portion. Do not disregard any instruction.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

As jurors, your duty is to determine the facts, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have

**Court's Instructions to the Jury - Page 1**

a right to expect nothing less. In performing your duty, consider only the evidence admitted during trial. Do not speculate about matters that are not in evidence; however, you are permitted to draw reasonable, common sense inferences from the testimony and exhibits.

### Rights of All Parties

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. All parties to this litigation, the individual defendants, Infocom Corporation, and the government, must be treated exactly alike insofar as their rights are concerned. This case should be considered and decided by you as one between persons of equal standing. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of law.

### Duty to Follow Instructions

You, as jurors, are the judges of the facts, but in determining what actually happened - that is, in reaching your decision as to the facts - it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to, or single out, any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

### Presumption of Innocence, Burden of Proof, Reasonable Doubt

The Superseding Indictment (hereafter referred to as the "Indictment"), filed August 21, 2003, against Defendants Bayan Elashi; Ghassan Elashi; Basman Elashi; and Infocom Corporation ("Defendants" collectively, or "Defendant" when referring to an individual defendant)

**Court's Instructions to the Jury - Page 2**

is not evidence of guilt. Each defendant is presumed by the law to be innocent. A defendant has an absolute constitutional right not to testify or put on any evidence. The law does not require a defendant to prove his innocence or produce any evidence at all, and no inference or conclusion may be drawn from a defendant's decision not to testify.

The government has the burden of proving each defendant guilty beyond a reasonable doubt; and if it fails to do so, as to any defendant, you must find that defendant "not guilty." While the government's burden of proof is a strict or heavy burden, it is not necessary that guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning a defendant's guilt. A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

### Evidence – Excluding What Is Not Evidence

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions. You must disregard those questions entirely. Do not speculate as to what the witness would have said if permitted to answer the question. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law and rulings on objections and the admissibility of evidence, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

### Evidence – Inferences – Direct and Circumstantial

In considering the evidence, you may draw inferences, make deductions and reach conclusions which reason and common sense lead you to make from facts which have been established by the evidence, and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that a defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence; therefore, you must not be concerned whether evidence is "direct evidence" or "circumstantial evidence" and you should consider and weigh all of the evidence that was presented to you.

### Improper Considerations

Your verdict must be based solely upon the evidence developed at trial, or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the individual defendants' culture, national origin, race, or religion. All persons are entitled to the presumption of

innocence. It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

### Credibility of Witnesses

I remind you that it is your job to decide whether the government has proved the guilt of each defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In weighing and deciding credibility, consider the following: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are some, but not all, of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In other words, you may accept all of the testimony of a witness; you may accept only part of it; or you may reject the witness's testimony entirely. In reaching your verdict, however, do not make any decision simply because there may

have been more witnesses on one side than on the other. Your duty is to decide whether you believe what each witness had to say and how important that testimony was.

The testimony of a single witness, which produces in your minds the belief of truth beyond a reasonable doubt, is sufficient for the proof of any fact, even though a greater number of witnesses may have testified to the contrary, if you believe this witness and have considered all the other evidence. In other words, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## Law Enforcement Witnesses

That a particular witness may be a law enforcement officer does not mean that his or her testimony is deserving of any special consideration or any greater weight by reason of that fact. Such witnesses are to be treated as any other witness.

## Intent

Intent ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind; however, you may infer a defendant's intent from surrounding circumstances. You may consider any statement made and any act done or omitted by a defendant, and all other facts and circumstances in evidence which indicate his state of mind.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. As I have said, it is entirely up to you to decide what facts to find from the evidence.

## Motive

Intent and motive should never be confused. Motive is what prompts a person to act, or fail to act. Intent refers only to the state of mind in which the act is done or omitted.

Personal advancement and financial gain are two well-recognized motives for much of human conduct. These laudable motives may prompt one person to voluntary acts of good, another to voluntary acts of crime.

Good motive alone is never a defense when the act done or omitted is a crime. The motive of the accused is immaterial except insofar as evidence of motive may aid determination of state of mind or intent.

## "Willfully"

The word "willfully," as used in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with the bad purpose either to disobey or disregard the law.

## "Knowingly" – To Act

The word "knowingly," as used in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

You may find that a defendant had knowledge of a fact if you find that he deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of a defendant cannot be established merely by demonstrating that he was negligent, careless, or foolish, knowledge can be inferred if he deliberately blinded himself to the existence of a fact.

## Charts and Summaries

The testimony of witnesses and the charts or summaries prepared by them, and admitted in evidence, are received for the purpose of explaining facts disclosed by books, records, and other documents which are in evidence in the case. Such charts or summaries are not in and of themselves evidence or proof of any facts. If such charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, the jury must disregard them. In other words, such charts or summaries are used only as a matter of convenience; if you find they are not in truth summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

## Notes of Jurors

Some of you have taken notes. Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on your notes. The notes are not in evidence. If you have not taken notes, you should rely on your independent recollection and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## On or About

You will note that the Indictment charges that offenses were committed on or about specified dates. The government does not have to prove that the crimes were committed on those exact dates, so long as the government proves beyond a reasonable doubt that defendants committed the crimes on a date reasonably near the dates stated in the Indictment.

### Caution – Consider Only Crimes Charged

You are here to decide whether the government has proved beyond a reasonable doubt that each defendant is guilty of the crimes charged in the Indictment. Defendants are not on trial for any act, conduct, or offense not alleged in the Indictment, and neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.

### Caution – Punishment

If any defendant is found guilty, it will be my duty to decide what the punishment will be. You must not be concerned with punishment in any way. It must not enter your consideration or discussion.

### Transcript of Proceedings

An official court reporter has made a record of the entire trial. Typewritten transcripts of this trial will not be available for your use during jury deliberations in this case.

### Limited Purpose Instructions

Some exhibits were admitted for a limited purpose. For example, during the course of the trial, I admitted Government's Exhibits 19C, 19O, 19S, and 41 and told you that they were not admitted for the truth of the matters asserted within the exhibits. In other words, you are not to concern yourself with whether what is stated in those exhibits is true or not, but you may consider those exhibits for any other purpose.

Other evidence has also been admitted for a limited purpose. There is before you evidence related to recorded conversations of Ghassan Elashi, Nadia Elashi, Mousa Marzook, Shukri Abu Baker, and others. Those conversations include Government's Exhibits 26A, 26B, 26C, 26D, and 26H. Those conversations have been admitted for a limited purpose as to Defendant Ghassan Elashi.

These conversations have been admitted for that limited purpose only, and cannot be considered by you for any purpose against Defendants Bayan Elashi and Basman Elashi. These conversations can be considered by you against Defendant Infocom Corporation, only if you find that the conversations by Defendant Ghassan Elashi were made within the scope of any agency relationship he had with Defendant Infocom. The remaining conversations admitted into evidence can be considered by you as to all defendants.

### Multiple Defendants – Multiple Counts

A separate crime is charged against one or more defendants in each count of the Indictment. Each count, and the evidence pertaining to it, must be considered separately. The case of each defendant must be considered separately and individually. That you may or may not find one or more defendants guilty or not guilty of any of the crimes charged must not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence with respect to each defendant.

### Consciousness of Guilt

Conduct of a defendant, including statements knowingly made and acts knowingly done upon being confronted with evidence of a possible crime, may be considered by you in the light of all other evidence in the case in determining guilt or innocence.

When a defendant voluntarily and intentionally offers an explanation to others in or out of court, or makes some statement tending to show his innocence -- and this explanation or statement is later shown to be false in whole or in part, the jury may consider whether this evidence points to what the legal system refers to as "consciousness of guilt."

Whether or not evidence as to a defendant's voluntary explanation or statement points to a consciousness of guilt, and the significance to be attached to any such evidence, are matters exclusively within the province of the jury.

## Aiding and Abetting

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by that person through the direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some

person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find any defendant guilty of the offenses alleged in Counts 2 through 11, and 13 through 21, by aiding and abetting the commission of such offenses, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:    That the offense alleged in the counts referenced above was committed by some person;

*Second*:    That the defendant associated himself with the criminal venture;

*Third*:    That the defendant purposefully participated in the criminal venture; and

*Fourth*:    That the defendant sought by action to make the venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

**Conspiracy**
**18 U.S.C. § 371**
**Counts 1 and 12 of the Indictment**

Title 18, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to commit an offense against the laws of the United States. Before proceeding on Counts 1 and 12, you are directed to read them as set forth in the Indictment. Each Defendant is charged in Count 1 with the offense of conspiracy to deal in the property of a specially designated terrorist in violation of Executive Order 12947 and in violation of the provisions set forth in Title 50, United States Code, Sections 1701 through 1706, and Title 31, Code of Federal Regulations, Section 595 *et. seq*.

Each defendant is also charged in Count 12 with the offense of conspiracy to commit money laundering in violation of Title 18, United States Code, Sections 1956(h) and 2. Title 18, United States Code, Section 1956(h) makes it a crime for anyone to conspire to commit the offense of money laundering as defined in Section 1956 of Title 18, United States Code.

The elements of the offenses as set forth in Counts 1 and 12 are stated later in these instructions, and you are directed to read them before making a decision regarding these counts.

For you to find any defendant guilty of the conspiracy alleged in Count 1, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:      That two or more persons made an agreement to commit the crime of dealing in the property of a specially designated terrorist;

*Second*:   That the defendant knew the purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*:    That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Indictment in order to accomplish some object or purpose of the conspiracy.

For you to find any defendant guilty of the conspiracy alleged in Count 12 of the Indictment, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:  That two or more persons made an agreement to commit the crime of money laundering; (The elements required to prove the crime of money laundering are set forth in subsequent pages of these instructions.);

*Second*:  That the defendant knew the purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*:  That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Indictment in order to accomplish some object or purpose of the conspiracy.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member. One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the Indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been

members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

You may consider acts knowingly done and statements knowingly made by a defendant's co-conspirators during the existence of the conspiracy and in furtherance of it as evidence pertaining to the defendant even though they were done or made in the absence of and without the knowledge of the defendant. This includes acts done or statements made before the defendant had joined the conspiracy, for a person who knowingly, voluntarily and intentionally joins an existing conspiracy is responsible for all of the conduct of the co-conspirators from the beginning of the conspiracy.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

## Overt Acts

In order to sustain its burden of proof on Counts 1 and 12 of the Indictment, the government must prove beyond a reasonable doubt that one of the co-conspirators knowingly performed at least one overt act pertaining to Counts 1 and 12 and that these overt acts were performed during the existence or life of the conspiracy and were done to somehow further the goals of the conspiracy or agreement. It must further be proved beyond a reasonable doubt that the defendant was a co-conspirator.

The term "overt act" means some type of outward, objective action performed by one of the members of the agreement or conspiracy which evidences the agreement. Although you must unanimously agree that the same overt act was committed with respect to each count (that is, Counts 1 and 12), the government is not required to prove more than one overt act per count. The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

### Conspirator's Liability for Substantive Count

A conspirator is responsible for offenses committed by any other conspirator if such conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, or as a foreseeable consequence of, the conspiracy.

Therefore, if you have first found a defendant guilty of the conspiracy charged in Count 1 and if you find beyond a reasonable doubt that during the time such defendant was a member of that conspiracy, some other conspirator committed the offense(s) in Counts 2 through 11 in furtherance of, or as a foreseeable consequence of that conspiracy, then you may find such defendant guilty of Count(s) 2 through 11, even though that defendant may not have participated in any of the acts that constitute the offenses described in Counts 2 through 11.

By the same token, if you have first found a defendant guilty of the conspiracy charged in Count 12 and if you find beyond a reasonable doubt that during the time the defendant was a member of that conspiracy, another conspirator committed the offense(s) in Counts 13 through 21 in furtherance of, or as a foreseeable consequence of, that conspiracy, then you may find that defendant guilty of Count(s) 13 through 21, even though such defendant may not have participated in any of the acts that constitute the offenses described in Counts 13 through 21.

**Counts 2 through 11**
**Dealing in the Property of a Specially Designated Terrorist**
**50 U.S.C. §§ 1701-1706 and 31 C.F.R. §§ 595,** *et. seq.*

All defendants are charged in Counts 2 through 11 with violations of Executive Order 12947, the International Emergency Economic Powers Act (IEEPA) and the Terrorism Sanctions Regulations for knowingly and willfully dealing in the property of a specially designated terrorist.

On January 23, 1995, President William J. Clinton issued Executive Order 12947. Executive Order 12947 specified that all property and interests in property of specially designated persons that are in the United States, that hereafter come within the United States, or that hereafter come within the possession or control of United States persons, are blocked. The Order further states that any transaction or dealing by United States persons or within the United States in property or interests in property of the persons designated in or pursuant to this order is prohibited, including the making or receiving of any contribution of funds, goods, or services to or for the benefit of such persons.

Section 1705(b) (IEEPA) of Title 50, United States Code, provides:

> "Whoever willfully violates . . . any license, order, or regulation
> issued under this chapter [shall be guilty of an offense.]"

As a result of Executive Order 12947, the Secretary of the Treasury promulgated regulations. One of those regulations, Section 595.201(a) of Title 31 Code of Federal Regulations, provides that, except as authorized by law, no property or interests in property of a specially designated terrorist, that are in the United States, that hereafter come within the United States, or that are or hereafter come within the possession or control of United States persons, including their overseas branches, may be transferred, paid, exported, withdrawn or otherwise dealt in.

Section 595.204 of Title 31 Code of Federal Regulations provides, "[e]xcept as otherwise authorized, no [United States] person may deal in property or interests in property of a specially

Court's Instructions to the Jury - Page 17

designated terrorist, including the making or receiving of any contribution of funds, goods, or services to or for the benefit of a specially designated terrorist."

Section 595.205 of Title 31 Code of Federal Regulations provides that any transaction for the purpose of, or which has the effect of, evading or avoiding, or which facilitates the evasion or avoidance of, any of the prohibitions set forth in this part, is hereby prohibited. Any attempt to violate the prohibitions set forth in this part is hereby prohibited. Any conspiracy formed for the purpose of engaging in a transaction prohibited by this part is also prohibited.

Section 595.701(a)(2) provides that "[w]hoever willfully violates any license, order, or regulation issued under the Act [commits an offense against the United States.]"

To establish a violation of these laws, the government must prove beyond a reasonable doubt each of the following elements as to each defendant:

*First*:     That the defendant himself or, by aiding and abetting another defendant or by being aided and abetted by another defendant, either transferred, paid, exported, withdrew or otherwise dealt in the property or interest in property of a specially designated terrorist;

*Second*:   That such property was in the United States, or thereafter came within the United States, or thereafter came within the possession or control of United States persons; and

*Third*:     That the defendant did so knowingly and willfully.

The terms "blocked account" and "blocked property" shall mean any account or property subject to the prohibition in § 595.201 held in the name of a specially designated terrorist or in which a specially designated terrorist has an interest, and with respect to which payments, transfers, exportations, withdrawals, or other dealings may not be made or effected except pursuant to an authorization or license from the Office of Foreign Assets Control authorizing such action.

The term "entity" means a partnership, association, corporation, or other organization, group or subgroup.

The term "foreign person" means any citizen or national of a foreign state (including any such individual who is also a citizen or national of the United States), or any entity not organized solely under the laws of the United States or existing solely in the United States, but does not include a foreign state.

The term "interest" when used with respect to property, such as "an interest in property," means an interest of any nature whatsoever, direct or indirect.

The term "person" means an individual or entity.

The terms "property" and "property interest" include, but are not limited to, money, checks, drafts, bullion, bank deposits, savings accounts, debts, indebtedness, obligations, notes, guarantees, debentures, stocks, bonds, coupons, any other financial instruments, bankers acceptances, mortgages, pledges, liens or other rights in the nature of security, warehouse receipts, bills of lading, trust receipts, bills of sale, any other evidences of titles, ownership or indebtedness, letters of credit and any documents relating to any rights or obligations thereunder, powers of attorney, goods, wares, merchandise, chattels, stocks on hand, ships, goods on ships, real estate mortgages, deeds of trust, vendors sales agreements, land contracts, leaseholds, ground rents, real estate and any other interest therein, options, negotiable instruments, trade acceptances, royalties, book accounts, accounts payable, judgments, patents, trademarks or copyrights, insurance policies, safe deposit boxes and their contents, annuities, pooling agreements, services of any nature whatsoever, contracts of any nature whatsoever, and any other property, real, personal, or mixed, tangible or intangible, or interest or interests therein, present, future or contingent.

The term "specially designated terrorist" means:

(1)    Persons listed in the Annex to Executive Order 12947; and

(2)    Persons determined by the Secretary of the Treasury, in coordination with the Secretary of State and the Attorney General, to be owned or controlled by, or to act for or on behalf of, any other specially designated terrorist.

The term "transfer" means any actual or purported act or transaction, whether or not evidenced by writing and whether or not done or performed within the United States, the purpose, intent, or effect of which is to create, surrender, release, convey, transfer, or alter, directly or indirectly, any right, remedy, power, privilege, or interest with respect to any property and, without limitation upon the foregoing, shall include the making, execution, or delivery of any assignment, power, conveyance, check, declaration, deed, deed of trust, power of attorney, power of appointment, bill of sale, mortgage, receipt, agreement, contract, certificate, gift, sale, affidavit, or statement; the making of any payment; the setting off of any obligation or credit; the appointment of any agent, trustee, or fiduciary; the creation or transfer of any lien; the issuance, docketing, filing, or levy of or under any judgment, decree, attachment, injunction, execution, or other judicial or administrative process or order, or the service of any garnishment; the acquisition of any interest of any nature whatsoever by reason of a judgment or decree of any foreign country; the fulfillment of any condition; the exercise of any power of appointment, power of attorney, or other power; or the acquisition, disposition, transportation, importation, exportation, or withdrawal of any security.

The term "United States" means the United States, its territories and possessions, and all areas under its jurisdiction or authority.

The term "United States person" or "U.S. person" means any United States citizen, permanent resident alien, entity organized under the laws of the United States or any jurisdiction within the United States (including foreign branches); or any person in the United States.

### Corporate Defendant/Agency

One of the defendants in this case, Infocom Corporation, is a private company which is the same as or equivalent to a closely held corporation. Infocom Corporation has been charged, along with the individual defendants, in Counts 1 through 21. A corporation, or its equivalent, is a legal entity, and may be found guilty of a criminal offense just like a natural person.

A private company or a corporation can only act through its agents; that is, its directors, officers, and employees or other persons authorized to act for it. A corporation or its equivalent is legally responsible for those acts or omissions of its agents made or performed in the course of their employment. A defendant who is an officer, employee, or agent of a corporation is not criminally responsible for the illegal acts of another officer, employee, or agent performed on behalf of the corporation merely because of his status as an officer, employee or agent of the corporation.

Before you may find Infocom Corporation guilty, you must find that the government has proved beyond a reasonable doubt that all of the elements of the offense, as explained in these instructions, have been met with respect to Infocom Corporation in the form of acts or omissions of its agents which were performed within the scope of their employment.

To be "acting within the scope of one's employment" may be shown in several ways. First, if the act or omission was specifically authorized by the corporation, it would be within the scope of the agent's employment. Second, even if the act or omission was not specifically authorized, it may still be within the scope of an agent's employment if both of the following have been proved:

(1) that the agent intended that his act would produce some benefit to the corporation, and (2) that the agent was acting within his authority. An act is within an agent's authority if it was directly related to the performance of the kind of duties that the agent had the general authority to perform for the corporation.

To find a corporate defendant guilty, you must find beyond a reasonable doubt that:

*First*:    Each essential element of the crime charged against the corporation was committed by one or more of its agents;

*Second*:    The agents, in committing those acts, intended, at least in part, to benefit the corporation; and

*Third*:    Each act was within the scope of employment of the agent who committed it.

If you find that the agent was acting within the scope of his employment, the fact that the agent's act was illegal, contrary to his employer's instructions, or against the corporation's policies will not necessarily relieve the corporation of its responsibility for it; however, you may consider the fact that the agent disobeyed instructions, or violated company policy, in determining whether the agent intended to benefit the corporation, or was acting within his authority.

Finally, if you find that the agent was not acting within the scope of his authority at the time, you should then consider whether the corporation later approved the act. An act is approved after it is performed when another agent of the corporation having full knowledge of the act, and acting within the scope of his employment as I have just explained it to you, approves the act by his or her words or conduct. A corporation is responsible for any act or omission approved by its agents in this manner.

## Counts 13 through 21
## Laundering of Monetary Instruments
## 18 U.S.C. § 1956(a)(1)(B)(i)

Title 18, United States Code, Section 1956(a)(1)(B)(i), makes it a crime for anyone to knowingly use the proceeds of certain illegal activity to conceal or disguise the nature, location, source, ownership, or control of the proceeds.  Each defendant is charged in Counts 13 through 21 of the Indictment with money laundering.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:    That the defendant knowingly conducted or attempted to conduct a financial transaction or aided and abetted such transaction;

*Second*:    That the financial transaction or attempted financial transaction involved the proceeds of a specified unlawful activity, namely dealing in the property of a specially designated terrorist;

*Third*:    That the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and

*Fourth*:    That the defendant knew that the transaction was designated in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds.

With respect to the second element, the government must show that in fact the property was the proceeds of dealing in the property of a specially designated terrorist, which is a specified unlawful activity under the statute.

With respect to the third element, the government must prove that the defendant knew that the property involved in the transaction was the proceeds of some kind of crime that is a felony under federal or state law, although it is not necessary to show that the defendant knew exactly what crime

generated the funds. I instruct you that dealing in the property of a specially designated terrorist is a felony.

The term "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery or other disposition, and with respect to a financial institution, including a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.

The term "financial transaction" includes any "transaction," as that term has just been defined, which involves the movement of funds by wire or other means or involving one or more monetary instruments, which in any way or degree affects interstate or foreign commerce in any way or degree. "Interstate commerce" means trade, transactions, transportation, or communication between any point in a state and any place outside that state or between two points within a state through a place outside the state.

The term "financial institution" includes commercial banks, trust companies, businesses engaged in vehicle sales including automobile sales, and businesses and persons engaged in real estate closings or settlements.

It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate commerce by his actions or that commerce was actually affected; however, it is necessary that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce. If you decide that there would be any effect at all on interstate commerce, that is enough to satisfy this element. The effect can be minimal.

The term "conduct" includes initiating or concluding, or participating in initiating or concluding, a transaction.

The term "proceeds" includes any property, or any interest in property, that someone acquires or retains as a result of the commission of the underlying specified unlawful activity. Proceeds can be any kind of property, not just money.

**After Argument**
**Duty to Deliberate - Verdict Form**

To reach a verdict, whether it is "guilty" or "not guilty," all of you must agree. Your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong, but do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges - judges of the facts. Your sole duty is to decide whether the government has proved each defendant guilty beyond a reasonable doubt on each specified count.

When you go to the jury room, the first thing that you should do is select one of your number as your Presiding Juror, who will help to guide your deliberations and will speak for you here in the courtroom. Do not commence deliberations until you have selected a Presiding Juror and you have received all of the trial exhibits. When you deliberate all jurors must be present.

A form of verdict has been prepared for your convenience. The Presiding Juror will write the unanimous answer of the jury in the space provided, either "guilty" or "not guilty." At the conclusion of your deliberations, the Presiding Juror must date and sign the verdict.

If you need to communicate with me during your deliberations, the Presiding Juror should write the message and give it to the court security officer. I will either reply in writing or bring you back into the courtroom to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict on each count.

**Signed this** _12th_ **day of April, 2005**.

Sam A. Lindsay
United States District Judge