IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR 1 4 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | § CR NO. 3:02-CR-052-R |
| | § Supersedes indictment filed on December |
| BAYAN ELASHI, | § 17, 2002 |
| GHASSAN ELASHI, | § |
| BASMAN ELASHI, | § |
| MOUSA ABU MARZOOK, | § |
|     also known as Abu Omar | § |
| NADIA ELASHI, | § |
|     also known as Nadia Marzook and | § |
|     Um Omar, and | § |
| INFOCOM CORPORATION. | § |

*Revised pursuant to the court's instructions SQF*

The Grand Jury charges:

<u>INTRODUCTION</u>

At all times material herein:

1. The defendant **Infocom Corporation** ("Infocom"), located in Richardson,

Texas, was incorporated in Texas in 1992. The defendant **Infocom** was and is engaged in

the business of selling computer systems, networking, telecommunications and Internet

services. The defendant **Infocom** also exported computers and computer components to

customers primarily located in the Middle East.

2. The defendant **Bayan Elashi** was and is the chief executive officer for the

**SUPERSEDING INDICTMENT (ELASHI/ MARZOOK/INFOCOM) - PAGE 1**

defendant **Infocom**.

3. The defendant **Ghassan Elashi** was and is the vice-president of marketing for the defendant **Infocom**.

4. The defendant **Basman Elashi** was and is the logistics manager and credit manager for the defendant **Infocom**.

6. The defendants **Bayan Elashi, Ghassan Elashi** and **Basman Elashi** are brothers.

7. Under the International Emergency Economic Powers Act (Title 50, United States Code, Sections 1701 through 1706) (IEEPA), the President of the United States has the authority to deal with unusual or extraordinary threats to the national security and foreign policy of the United States. The President deals with unusual or extraordinary threats through Executive Orders which have the force and effect of law. A violation of an Executive Order is a criminal act.

Prohibition of Transactions with Specially Designated Terrorists

8. On January 23, 1995, under the authority of IEEPA, the President issued Executive Order 12947, which declared a national emergency regarding the grave acts of violence committed by foreign terrorists that disrupt the Middle East Peace Process. The Executive Order prohibits transactions, including financial transactions, with organizations and individuals who threaten to disrupt the Middle East Peace Process and who are declared to be a Specially Designated Terrorist by the United States Department

**SUPERSEDING INDICTMENT (ELASHI/ MARZOOK/INFOCOM) - PAGE 2**

of Treasury. The Executive Order also blocks, or freezes, all property subject to United States jurisdiction in which there is any interest held by any organization or individual declared to be a Specially Designated Terrorist. Any United States person or entity who possesses any funds in which any interest is held by a Specially Designated Terrorist, must report such interest to the proper United States authorities. Any dealings in those funds after the designation date, or any attempt to avoid acknowledgment of the funds, is unlawful.

9. To implement Executive Order 12947, the United States Department of Treasury, through the Office of Foreign Assets Control, promulgated the Terrorism Sanctions Regulations, which are detailed at Title 31, Code of Federal Regulations, Part 595. Executive Order 12947 and the Terrorism Sanctions Regulations prohibit, among other things: (a) transferring, paying, exporting, withdrawing or otherwise dealing in property or interests in property of a Specially Designated Terrorist that are in the United States, come within the United States, or come within the possession of or control of United States persons; (b) any transaction for the purpose of, or which has the effect of, evading or avoiding, or which facilitates the evasion or avoidance of the Terrorism Sanctions Regulations; (c) any conspiracy formed for the purpose of engaging in a prohibited transaction.

10. On January 25, 1995, pursuant to Executive Order 12947, the Department of Treasury, Office of Foreign Assets Control, designated the Islamic Resistance Movement,

**SUPERSEDING INDICTMENT (ELASHI/ MARZOOK/INFOCOM) - PAGE 3**

a.k.a. Hamas, as a Specially Designated Terrorist Organization.  This designation makes it illegal for any United States person or entity to conduct any business with Hamas or its representatives.

11.  The defendant **Mousa Abu Marzook**, also known as Abu Omar, is a self-admitted member of Hamas.  He formerly served as the Chief of Hamas' Political Bureau. He is now publicly identified as the Deputy Chief of Hamas' Political Bureau.  The Political Bureau operates as the highest ranking leadership body in the Hamas organization, setting policies and guidelines regarding Hamas' activities, including directing and coordinating terrorist acts by Hamas against soldiers and civilians in Israel and the Occupied Territories.  On August 29, 1995, the defendant **Mousa Abu Marzook** was individually designated as a Specially Designated Terrorist, based upon his support of terrorist activities through his position as the leader of Hamas' Political Bureau.  After the effective date of designation, any interest in any property, direct or indirect, held by the defendant **Mousa Abu Marzook**, and subject to the jurisdiction of the United States, was blocked as a matter of law.  Any United States person or entity who possessed any funds in which any interest was held by the defendant **Mousa Abu Marzook**, should have reported such interest to the proper United States authorities.  Any dealings in those funds after the defendant **Mousa Abu Marzook's** designation date, or any attempt to avoid acknowledgment of the funds, is unlawful.

12.  Defendant **Nadia Elashi**, also known as Nadia Marzook and Um Omar, is the

defendant **Mousa Abu Marzook's** wife and a cousin of the defendants **Bayan Elashi,**

**Ghassan Elashi** and **Basman Elashi.**

13.  In or around July 1992, the defendant **Mousa Abu Marzook** sent, or caused to

be sent, $150,000 to the defendants **Bayan Elashi, Ghassan Elashi, Basman Elashi** and

**Infocom,** which was recorded on the books and records of the defendant **Infocom** as a

credit to the pre-existing investment account of the defendant **Mousa Abu Marzook.**

14.  In or around March 1993, the defendants **Bayan Elashi, Ghassan Elashi,**

**Basman Elashi, Mousa Abu Marzook, Nadia Elashi** and **Infocom** entered into a

Murabaha agreement (Islamic contract), which purported to be an agreement for an

investment of $250,000 by the defendant **Nadia Elashi.** By the terms of the agreement,

the contract was valid for 12 months and was renewable annually upon agreement of the

parties.

15.  In an effort to conceal the defendant **Mousa Abu Marzook's** investment in

the defendant **Infocom,** the Murabaha agreement stated that the $250,000 ($150,000

described in paragraph 13, combined with $100,000 described in paragraph 16) was an

investment in the defendant **Infocom** by the defendant **Nadia Elashi.** The agreement

made no mention of the defendant **Mousa Abu Marzook's** previous investment in the

defendant **Infocom.**

16.  In or around and between March 1993 and April 1993, and in order to fulfill

the financial terms of the Murabaha agreement, the defendant **Mousa Abu Marzook**

sent, or caused to be sent, two separate payments totaling approximately $100,000 to the defendants **Bayan Elashi, Ghassan Elashi, Basman Elashi** and **Infocom**. This money was credited to a newly created investment account held in the name of the defendant **Nadia Elashi**. In and around October 1993, the defendant **Mousa Abu Marzook's** investment account, reflecting the $150,000 investment (described in paragraph 13), was dropped from the defendant **Infocom's** books and records, and concurrently, the defendant **Nadia Elashi's** investment account was increased from $100,000 to $250,000.

17. The Murabaha agreement called for regular payments in amounts based upon 40% of the defendant **Infocom's** net profit/loss, to be made to the defendant **Nadia Elashi** by the defendant **Infocom**. Prior to the signing of the Murabaha agreement, the defendants **Bayan Elashi, Ghassan Elashi, Basman Elashi** and **Infocom** had been making payments to the defendant **Mousa Abu Marzook**, which were recorded on the books and records of the defendant **Infocom** under interest payment account number 6360. After the Murabaha agreement had been signed, all payments were made to the defendant **Nadia Elashi** or their son, and most were recorded under the same interest payment account number 6360, with the remainder being recorded as a return of principal.

18. As previously stated, on August 29, 1995, the defendant **Mousa Abu Marzook** was designated by the President as a Specially Designated Terrorist. This designation makes it illegal for any United States person or entity to conduct any

**SUPERSEDING INDICTMENT (ELASHI/ MARZOOK/INFOCOM) - PAGE 6**

transaction with the defendant **Mousa Abu Marzook,** including dealing in property in

which the defendant **Mousa Abu Marzook** had an interest.

## COUNT ONE
### Conspiracy to deal in the Property of a Specially Designated Terrorist
### 18 U.S.C. § 371

1.  The allegations of paragraphs one (1) through eighteen (18) of the Introduction

to this Superseding Indictment are hereby re-alleged and incorporated by reference as

though fully set forth herein.

2.  Beginning in or around August 1995 and continuing until in or around July

2001, in the Dallas Division of the Northern District of Texas, and elsewhere, the

defendants **Bayan Elashi, Ghassan Elashi, Basman Elashi, Mousa Abu Marzook,**

**Nadia Elashi** and **Infocom,** and others known and unknown to the Grand Jury,

knowingly and willfully conspired, confederated and agreed to violate Executive Order

12947, by dealing in property in which a Specially Designated Terrorist had an interest,

specifically, the property of the defendant **Mousa Abu Marzook,** in violation of Title 50,

United States Code, Sections 1701 through 1706, and Title 31, Code of Federal

Regulations, Section 595 et. seq.

### MANNER AND MEANS

3.  In furtherance of the conspiracy, in or around and between August 1995 and

July 2001, the defendants **Bayan Elashi, Ghassan Elashi, Basman Elashi, Mousa Abu**

**Marzook, Nadia Elashi** and **Infocom** annually renewed the Murabaha agreement and

made regular monetary payments to the defendant **Nadia Elashi,** at the behest and under the direction of the defendant **Mousa Abu Marzook.**

OVERT ACTS

In furtherance of the conspiracy, and in order to accomplish its purposes, on or about the dates listed below, the defendants **Bayan Elashi, Ghassan Elashi, Basman Elashi, Mousa Abu Marzook, Nadia Elashi** and **Infocom** committed the following overt acts, among others, by dealing in the property of a Specially Designated Terrorist, namely the defendant **Mousa Abu Marzook,** to wit, by issuing and causing to be issued the following checks and wire transfers from bank accounts of the defendant **Infocom** into bank accounts held under the name of the defendant **Nadia Elashi:**

| OVERT ACT | DATE OF PAYMENT |
|---|---|
| 1 | 11/6/95 |
| 2 | 12/11/97 |
| 3 | 4/7/98 |
| 4 | 8/24/98 |
| 5 | 10/16/98 |
| 6 | 3/4/99 |
| 7 | 9/3/99 |
| 8 | 10/4/00 |
| 9 | 1/17/01 |

10                              4/20/01

In violation of Title 18, United States Code, Section 371 (Title 50, United States Code, Sections 1701 through 1706, and Title 31, Code of Federal Regulations, Section 595 et. seq.).

## COUNT TWO
## Dealing in the Property of a Specially Designated Terrorist - 50 U.S.C. §§ 1701-1706

1. The allegations of paragraphs one (1) through eighteen (18) of the Introduction to this Superseding Indictment and paragraph three (3) of Count One are hereby re-alleged and incorporated by reference as though fully set forth herein.

2. On or about and between August 1995 and July 2001, in the Dallas Division of the Northern District of Texas, the defendants **Bayan Elashi, Ghassan Elashi, Basman Elashi, Mousa Abu Marzook, Nadia Elashi** and **Infocom**, aided and abetted by each other, and others known and unknown to the Grand Jury, knowingly and willfully dealt in the property of a Specially Designated Terrorist, namely the defendant **Mousa Abu Marzook**, by entering into and annually renewing an investment contract (Murabaha agreement) relating to property in which the defendant **Mousa Abu Marzook** had an interest.

In violation of Title 50, United States Code, Sections 1701 through 1706; Title 31, Code of Federal Regulations, Section 595 et. seq.; and Title 18, United States Code, Section 2.

## COUNTS THREE THROUGH ELEVEN
## Dealing in the Property of a Specially Designated Terrorist - 50 U.S.C. §§ 1701-1706

1. The allegations of paragraphs one (1) through eighteen (18) of the Introduction to this Superseding Indictment and paragraph three (3) of Count One are hereby re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates listed below, in the Dallas Division of the Northern District of Texas, the defendants **Bayan Elashi, Ghassan Elashi, Basman Elashi, Mousa Abu Marzook, Nadia Elashi** and **Infocom**, aided and abetted by each other, and others known and unknown to the Grand Jury, knowingly and willfully dealt in the property of a Specially Designated Terrorist, namely the defendant **Mousa Abu Marzook**, by issuing, and causing to be issued, the following checks and wire transfers, involving property in which the defendant **Mousa Abu Marzook** had an interest, from bank accounts of the defendant **Infocom** into bank accounts held under the name of the defendant **Nadia Elashi**:

| COUNT | DATE OF PAYMENT |
|-------|-----------------|
| 3 | 3/5/98 |
| 4 | 6/24/98 |
| 5 | 9/14/98 |
| 6 | 12/16/98 |
| 7 | 5/5/99 |

| 8 | 9/28/99 |
| 9 | 9/11/00 |
| 10 | 10/5/00 |
| 11 | 6/26/01 |

In violation of Title 50, United States Code, Sections 1701 through 1706; Title 31, Code of Federal Regulations, Section 595 et. seq.; and Title 18, United States Code, Section 2.

## COUNT TWELVE
### Conspiracy to commit Money Laundering-18 U.S.C. § 1956(h)

1. The allegations of paragraphs one (1) through eighteen (18) of the Introduction to this Superseding Indictment and paragraph three (3) of Count One are hereby re-alleged and incorporated by reference as though fully set forth herein.

2. In or around and between August 1995 and July 2001, in the Dallas Division of the Northern District of Texas, the defendants **Bayan Elashi, Ghassan Elashi, Basman Elashi, Mousa Abu Marzook, Nadia Elashi** and **Infocom**, and others known and unknown to the Grand Jury, in offenses involving interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, knowingly conspired, confederated and agreed to conduct, attempt to conduct and cause to be conducted such financial transactions, to wit, the negotiation of checks and wire transfers which represented the proceeds of property of a Specially Designated Terrorist, namely the defendant **Mousa Abu Marzook**, and made pursuant to an investment contract (Murabaha agreement) involving property in which the defendant **Mousa Abu Marzook** had an interest, in violation of Title 50, United States Code, Sections 1701 through 1706 (IEEPA), and punishable under Section 206 of IEEPA (also known as Title 50, United States Code, Section 1705(b)), as set forth in Count Two of this Superseding Indictment, knowing that the transactions were designed in whole and in part to conceal the nature, source, ownership and control of the proceeds of said specified unlawful activity.

SUPERSEDING INDICTMENT (ELASHI/ MARZOOK/INFOCOM) - PAGE 13

## OVERT ACTS

In furtherance of the conspiracy, and in order to accomplish its purposes, on or about the dates listed below, the defendants **Bayan Elashi, Ghassan Elashi, Basman Elashi, Mousa Abu Marzook, Nadia Elashi** and **Infocom** committed the following overt acts, among others, by dealing in the property of a Specially Designated Terrorist, namely the defendant **Mousa Abu Marzook**, by issuing and causing to be issued the following checks and wire transfers from bank accounts of the defendant **Infocom** into bank accounts held under the name of the defendant **Nadia Elashi**:

| OVERT ACT | DATE OF CHECK OR WIRE TRANSFER |
|---|---|
| 1 | 11/2/95 |
| 2 | 6/24/98 |
| 3 | 9/14/98 |
| 4 | 12/16/98 |
| 5 | 5/5/99 |
| 6 | 9/28/99 |
| 7 | 9/11/00 |
| 8 | 10/5/00 |
| 9 | 6/26/01 |

In violation of Title 18, United States Code, Section 1956(h).

**SUPERSEDING INDICTMENT (ELASHI/ MARZOOK/INFOCOM) - PAGE 14**

## COUNTS THIRTEEN THROUGH TWENTY-ONE
### Money Laundering - 18 U.S.C. § 1956(a)(1)(B)(i)

1. The allegations of paragraphs one (1) through eighteen (18) of the Introduction to this Superseding Indictment and paragraph three (3) of Count One are hereby re-alleged and incorporated by reference as though fully set forth herein.

2. On or about each of the dates set forth below, in the Dallas Division of the Northern District of Texas, the defendants **Bayan Elashi, Ghassan Elashi, Basman Elashi, Mousa Abu Marzook, Nadia Elashi** and **Infocom**, aided and abetted by each other, in offenses involving interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, did knowingly conduct, attempt to conduct and cause to be conducted such financial transactions, to wit, the negotiation of the following checks and wire transfers which represented the proceeds of property of a Specially Designated Terrorist, namely the defendant **Mousa Abu Marzook**, and made pursuant to an investment contract (Murabaha agreement) involving property in which the defendant **Mousa Abu Marzook** had an interest, in violation of Title 50, United States Code, Sections 1701 through 1706 (IEEPA), and punishable under Section 206 of IEEPA (also known as Title 50, United States Code, Section 1705(b)), as set forth in Count Two of this Superseding Indictment, knowing that the transactions were designed in whole and in part to conceal the nature, source, ownership and control of the proceeds of said specified unlawful activity:

**SUPERSEDING INDICTMENT (ELASHI/ MARZOOK/INFOCOM) - PAGE 15**

| COUNT | DATE OF CHECK OR WIRE TRANSFER |
|-------|-------------------------------|
| 13    | 3/5/98 |
| 14    | 6/24/98 |
| 15    | 9/14/98 |
| 16    | 12/16/98 |
| 17    | 5/5/99 |
| 18    | 9/28/99 |
| 19    | 10/4/00 |
| 20    | 10/5/00 |
| 21    | 6/26/01 |

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE

As a result of committing one or more of the money laundering or monetary

transaction offenses in violation of Title 18, United States Code, Section1956 alleged in

Counts 12-21 of this Superseding Indictment, the defendants, as listed below, shall forfeit

to the United States of America, all property, real and personal, involved in the money

laundering and monetary transaction offenses, and all property traceable to such property,

including but not limited to the following:

Defendants **Bayan Elashi, Ghassan Elashi, Basman Elashi, Mousa Abu**

**Marzook, Nadia Elashi** and **Infocom** shall forfeit approximately $126,250 in United

States currency. That sum represents the sum of monies or value of property involved  in

the financial transactions using money derived from unlawful activities with an intent to

conceal the source or ownership of the property as set forth in Counts 12-21, for which

the defendants are jointly and severally liable.

By virtue of the commission of one or more of the felony offenses charged in

Counts 12-21 of this Superseding Indictment by the defendants **Bayan Elashi, Ghassan**

**Elashi, Basman Elashi, Mousa Abu Marzook, Nadia Elashi** and **Infocom**, any and all

interests which the defendants have in the above described sums are vested in the United

States and are hereby forfeited to the United States pursuant to Title 18, United States

Code, Section 982(a)(1).

In the event that any property, real or personal, involved in the offenses and

**SUPERSEDING INDICTMENT (ELASHI/ MARZOOK/INFOCOM) - PAGE 17**

described in Counts 12-21 of this Superseding Indictment, or any property traceable to such property, as a result of any act or omission of the defendants:

    (1)    cannot be located upon exercise of due diligence;

    (2)    has been transferred or sold to, or deposited with a third party;

    (3)    has been placed beyond the jurisdiction of the court;

    (4)    has been substantially diminished in value; or

    (5)    has been co-mingled with other property which cannot be divided without difficulty;